**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| MARK K. HAMMOND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 3 : 10-CV-24 (CDL) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on April 19, 2010, challenging the

Commissioner's final decision denying his application for disability benefits, finding him not disabled

within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. §

405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the

Commissioner's decision is supported by substantial evidence and whether the Commissioner applied

the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983);

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are

deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a

reasonable person would accept the evidence as adequate to support the conclusion at issue.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.

1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh

the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

The initial burden of establishing disability lies with the claimant, and a claimant seeking disability benefits under the Social Security Act must demonstrate that he is unable to perform his past relevant work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990); *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991).

### *Administrative Proceedings*

The Plaintiff filed an application for Supplemental Security Income benefits on July 20, 2005. (T-13). His claim was denied initially and upon reconsideration. *Id.* A hearing was held before an ALJ in Athens, Georgia on May 27, 2008. (T-781-809). Thereafter, in a hearing decision dated June 27, 2008, the ALJ determined that the Plaintiff was not disabled. (T-10-20). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T-3-5).

### *Statement of Facts and Evidence*

The Plaintiff was forty-three (43) years of age at the time of the ALJ's decision, and alleged disability since September 3, 2004, due to a left hand injury and HIV infection. (T-129). He has an eleventh grade education and past relevant work experience as a stocker and cabinet maker. (T- 129-30, 788). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of HIV, a history of polysubstance abuse, bipolar disorder, and a left (non-dominant) hand injury. (T-15). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically

2

equaled a listed impairment, and remained capable of performing light work activity.  (T - 16).

Although Plaintiff could not return to any of his past relevant work, the ALJ considered the Plaintiff's

age, education, work experience, and residual functional capacity, and relied on the testimony of a

Vocational Expert to determine that the Plaintiff remained capable of performing other jobs that existed

in significant numbers in the national economy and thus was not disabled.  (T-19, 20).

## DISCUSSION

### *Evaluation of treating source opinion*

The Plaintiff argues initially that the ALJ improperly disregarded the opinion of limitations

issued by Linda Altman, a nurse practitioner.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the

Commissioner will "consider opinions from treating and examining sources on issues such as . . . your

residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved

to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work'

does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).

Although a treating physician's opinion is to be accorded great weight and deference, unless

good cause is shown to the contrary, an opinion from a treating source such as a nurse practitioner is

not entitled to the same weight.  Social Security Ruling 06-3p establishes that "only 'acceptable

medical sources' can be considered treating sources . . . whose medical opinions may be entitled to

controlling weight."  SSR 06-3p.  "Acceptable medical sources" are defined in the regulations as

licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language

pathologists.  20 C.F.R. § 416.913(a).  Nurse practitioners are defined as "other sources".  20 C.F.R. §

416.913(d)(1).  "[W]hile the ALJ is certainly free to consider the opinions of these 'other sources' in

making his overall assessment of a claimant's impairments and residual abilities, those opinions do not

demand the same deference as those of a treating physician."  *Genier v. Astrue*, 298 Fed.Appx. 105,

108 (2nd Cir. 2008).

The ALJ herein gave

> little weight to the findings made by Linda Altman, FNP-BC in May 2008.
> Nurse Altman found that the claimant could lift/carry less than 10 pounds.
> In an eight hour day, the claimant could stand/walk for less than two hours
> and sit for less than two hours. The claimant could sit for 20 minutes at
> one time. He needed to walk around every 30 minutes for 10 minutes at a
> time. The claimant needed to shift positions at will. The claimant could
> not climb ladders. He could occasionally twist, stoop, crouch, and climb
> stairs. The claimant was to avoid concentrated exposure to noise. He was
> to avoid even moderate exposure to temperature extremes, wetness,
> humidity, fumes, odors, dusts, gases, and poor ventilation. The claimant
> was to avoid all exposure to hazards. The Administrative Law Judge
> gives little weight to these findings because they are inconsistent with the
> other evidence of record, which shows that the claimant is capable of
> performing medium work. These limitations are also inconsistent with the
> claimant's own work after the alleged onset date. Therefore, Nurse
> Altman's findings will be given little weight.

T - 18.

As Altman is a nurse practitioner, the ALJ was "free to discount [her] assessments accordingly in favor

of the objective findings of other medical doctors." *Genier*, 298 Fed.Appx. at 108. The ALJ provided

adequate reasons to assign little weight to the opinions of nurse practitioner Altman, noting that her

findings were inconsistent with the objective medical record and Plaintiff's work after the alleged onset

date. The ALJ's findings in this regard are supported by substantial evidence.

*Pain analysis*

The Plaintiff further contends that the ALJ erred in analyzing Plaintiff's subjective accounts of

pain and other complaints. If the Commissioner "finds evidence of an underlying medical condition,

and either (1) objective medical evidence to confirm the severity of the alleged pain arising from

that condition, or (2) that the objectively determined medical condition is of a severity which can

reasonably be expected to give rise to the alleged pain," then he must consider the claimant's

subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v.*

*Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability.  20

C.F.R. § 404.1529(a).  Rather, the intensity and persistence of the pain must be considered, using

plaintiff's testimony, including activities of daily living, and objective medical records as evidence.

20 C.F.R. § 404.1529(c).  The Commissioner is entitled to "consider whether there are any

inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's]

statements and the rest of the evidence."  20 C.F.R. § 404.1529(c)(4).  If plaintiff's testimony of pain

and other symptoms can be reasonably accepted as consistent with the medical evidence, then

plaintiff can be deemed disabled.  If the Commissioner discredits such testimony, "he must articulate

explicit and adequate reasons," or the testimony must be accepted as true.  *Cannon v. Bowen*, 858

F.2d 1541, 1545 (11th Cir. 1988).

The ALJ found that:

> the severity of the claimant's allegations is not fully supported by the
> evidence of record.  The claimant has not received sign[ificant] treatment
> for his physical impairments in recent years.  In fact, the claimant's HIV
> has been described as "well controlled" and "stable".  At the hearing, the
> claimant indicated that he only took over-the-counter medications for
> pain.  Even though the claimant has complained of right upper quadrant
> pain and diarrhea, a June 2006 CT scan of the abdomen showed no sign
> [of] abnormality.  In terms of his mental complaints, the [ALJ] notes that
> the claimant's GAF scores were often above 50, which represents no
> more than moderate symptoms or a moderate impairment in functioning.
> . . . The [ALJ] also notes that the claimant has not had a long term
> psychiatric hospitalization recently.  As mentioned earlier, the record
> reflects work activity after the alleged onset date.  Although that work
> activity did not constitute disqualifying substantial gainful activity, it does
> indicate that the claimant's daily activities have, at least at times, been
> somewhat greater than the claimant has generally reported.  In fact, as
> indicated below, the claimant's work after the alleged onset date was
> apparently performed at the heavy level.  Therefore, one could assume
> that the claimant would be capable of performing light work.

T - 17.

A review of the ALJ's decision reveals that he properly considered the Plaintiff's subjective accounts of pain and other symptoms, but discredited these as being inconsistent with the objective medical record and Plaintiff's work history since the alleged onset date. The ALJ notes the presence of objective medical problems, discusses the Plaintiff's complaints of fatigue and mental impairments, and finds that the Plaintiff's statements "concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below." (T -17). The Court finds no error in the ALJ's analysis of Plaintiff's complaints of disabling limitations and symptoms.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 2nd day of June, 2011.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb